UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS INC,<br><br>                Plaintiff,<br><br>   v.<br><br>PEPSICO INC,<br><br>                Defendant. | CASE NO. 2:22-cv-703 MJP<br><br>ORDER DEFERRING RULING ON SUMMARY JUDGMENT MOTION PURSUANT TO RULE 56(D) |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No. 15.) Having reviewed the Motion, Defendant's Response (Dkt. No. 17), the Reply (Dkt. No. 20) and all relevant materials and documents, the Court DEFERS RULING on the Motion to allow Defendant to finish conducting discovery.

**BACKGROUND**

Northwest Administrators, Inc. ("Northwest") is an authorized agent and assignee for the Western Conference of Teamsters Pension Trust Fund ("Trust"). (Motion at 6.) Defendant, PepsiCo, Inc. ("Pepsi") entered into two collective bargaining agreements wherein it is required

to make contributions to the Trust at a specific rate for each bargaining unit member for each compensable hour until it reaches a maximum. (Motion at 3-4.) Northwest filed this suit to recover trust fund contributions, among other damages and court related fees, for the month of March 2022 from Pepsi. (Motion at 1.) Northwest alleges that Pepsi owes $109,993.18 for its March 2022 contributions. (Motion at 9.)

Though Pepsi does not technically dispute the amount Northwest claims it owes, it states that it made a payment to the fund on April 26, 2022, in the amount of $107,040.61 as its contributions for March 2022. (Response at 3.) Pepsi's accounts payable confirmed that contributions were paid to the Trust on April 26, 2022, in an amount of $108,187.56 and that $107,040.61 of that payment should have been attributed to March 2022. (See Declaration of Ellyn Condon ¶¶ 5-7 (Dkt. No. 18).) Northwest, in its Reply, argues that the April payment was supposed to go towards the February 2022 contributions and that the March 2022 contributions are still outstanding. (See generally, Reply (Dkt. No. 20).) Pepsi states that a Human Resources Operations personnel submitted invoices to its accounts payable department for contribution payments for the months of December 2021, January 2022, February 2022, and April 2022. (Id. at 4.) The Trust supposedly only received payments for the months of December 2021, January 2022, and April 2022. (Id.) Pepsi was affected by a payroll outage in early 2022 that delayed its contribution payments around this time and made it challenging to verify payments issued at this time. (Id.) Pepsi claims that if a payment is missing, it will make the payment. (Response at 2.) However, Pepsi requests the Court defer ruling on this Motion so that it can continue to conduct discovery to resolve the issue without further litigation. (Response at 6.)

## ANALYSIS

Federal Rule of Civil Procedure 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002). A party seeking additional discovery under Rule 56(d) must "explain what further discovery would reveal that is essential to justify its opposition to the motion for summary judgment." Program Eng'g, Inc. v. Triangle Publ'ns, Inc., 634 F.2d 1188, 1194 (9th Cir. 1980). For the purposes of a Rule 56(d) request, the evidence sought must be more than "the object of pure speculation." California v. Campbell, 138 F.3d 772, 779-80 (9th Cir. 1998) (citation omitted). A party seeking to delay summary judgment for further discovery must state "what other specific evidence it hopes to discover [and] the relevance of that evidence to its claims." Program Eng'g, 634 F.2d at 1194. In particular, "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F>3d 822, 827 (9th Cir. 2008).

Pepsi has met these requirements. Pepsi attached two declarations, one from Pepsi's counsel in this matter and the other from Pepsi's Human Resources Operations Senior Coordinator for Pepsi's West Division. (See Declaration of Ellyn Condon (Dkt. No. 18); Declaration of Molly Gabel (Dkt. No. 19).) Both state that discovery is needed to determine "(1) why the Fund attributed Defendant's March 2022 pension contributions to February 2022; (2) how many pension contribution payments for account number 214195, 214282, and 215576 the Fund has from Defendant in December 2022, in what amounts, and attributed to what months; and (3) whether the Fund attributed any pension contributions payments from Defendant to a

wrong account and/or to a wrong month in 2022." (Response at 7-8.) Pepsi served interrogatories and requests for production to the Trust on April 10, 2023, and also states it anticipated issuing a Notice of a Rule 30(b)(6) deposition. (Id. at 8.) Finally, Pepsi states it can also obtain information about whether the Trust attributed any pension contributions payments from it to a wrong account by issuing a subpoena on the Trust's bank. (Id.) Given that this entire case turns on whether the contribution was made, this discovery is essential to a summary judgment determination.

Discovery in this case was scheduled to be completed by May 19, 2023. (Order Setting Trial Date and Related Dates (Dkt. No. 14).) Northwest filed this Motion on March 8, 2023, more than two months before the end of discovery and before Pepsi issued its discovery requests. For these reasons, the Court GRANTS Pepsi's request for a deferred ruling.

## CONCLUSION

The Court finds that Pepsi has met the requirements for a deferred ruling under Fed. R. Civ. P. 56(d). The Court RESERVES RULING on the Motion for Summary Judgment. Because the discovery deadline has now passed, the Court assumes Pepsi has completed its discovery. If this is not true, the parties should alert the Court and explain what good cause they have for not completing discovery and how much additional time is needed. Assuming discovery has been completed, however, Pepsi must refile its opposition to the motion for summary judgment within 10 days of this Order and Northwest will have 5 days from the filing of the opposition to file a reply.

//

//

//

1      The clerk is ordered to provide copies of this order to all counsel.

2      Dated June 15, 2023.

_____

Marsha J. Pechman
United States Senior District Judge